UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE D. SUSANA, *et al.*,

                Plaintiffs,

-against-

IMMIGRATION & CUSTOMS
ENFORCEMENT ("ICE"), *et al.*,

                Defendants.

21-CV-9127 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jose D. Susana, who is currently detained in the Caroline Detention Facility (CDF) in Bowling Green, Virginia, brings this *pro se* action on his own behalf; on behalf of M.A.G.A. (Make Africa Great Again), an unincorporated association; and as "next friend" to more than 50 other individuals who either are or were detained in the CDF. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

    The complaint in this action is labeled, "Reta[li]atory Conspiracy to Violate the C[onvention] A[gainst] T[orture] by Attempts to Deprive of Civil Right to Petition Alien Tort Action Pursuant to 28 U.S.C. § 1350." (ECF 2, at 1.) The caption of the complaint lists the Plaintiffs as: "M.A.G.A. (MAKE AFRICA GREAT AGAIN) HUMAN RIGHTS ANGELS INTERNATIONAL REGISTRY INC. et al., By their Next Friend Jose D. Susana, Vice Chairman, of the M.A.G.A. (MAKE AFRICA GREAT AGAIN) HUMAN RIGHTS ANGELS INTERNATIONAL REGISTRY INC." (*Id.*) The amended complaint describes M.A.G.A. as "an unincorporated ecclesiastical social justice association." (*Id.* at 2.) The body of the complaint lists as Plaintiffs another 54 individuals, whom it describes as "a class of refugees[] as defined by

the United Nations High Commission for Refugees ('UNHCR'),"  and who "either were or are[] detained at the Caroline Detention Facility[] in the custody of ICE." (*Id.* at 2, 4.) [1]"

The complaint alleges that Susana has "[o]rganization, jailhouse lawyer, as well as, next friend standing" to bring claims on behalf of the other Plaintiffs. (*Id.* at 3.) Susana brings this action "in order to assert the rights of the below mentioned refugees who for valid reasons cannot assert the same due to their incompetence." (*Id.* at 4.) He requests "sub-class certification" and asks the Court "for the appointment of class counsel to institute this action on behalf of these incompetent Plaintiffs." (*Id.*) The complaint describes Susana as a "New York Native," but he is currently detained in the CDF. Moreover, the Court has determined from the United States Department of Justice's Executive Office for Immigration Review's (EOIR) phone hotline that Susana has ongoing immigration proceedings in Caroline County, Virginia. The complaint does not include addresses or any other identifying information for other 54 individual Plaintiffs.[2]

Named as Defendants in the caption of the complaint are: Immigration & Customs Enforcement (ICE), "Seven Unknown DOE Agents of DHS/CDF/Oasis/Global Tel Link et al.," and "United States ex rel. (Sued individually & officially)." (*Id.* at 1.) The body of the complaint

---

[1] The complaint lists the following individual names: Pharoah Momolu V.S. Sirleaf I, Kwayee M. Tarty, Ravindra Patel, Theophilus Tari Agedah, Paul White, Randolph Ratcliff Richards, Adhnanu Fahed Miri, Thomas Nganga, Mikhail Shapovalov, Yerrisson Antonio Rodriguez, Elmer Ottonid Tenas Silva, Luis Espinoza, Quacy Thorne, Paul Reyes, Jaime Daniel Navarro Cerritos, Jose O. Membreno, Rickardo Jose Guido, David Noe Alvarado, Ferardo Molina, Carlos Armando Gomez, Jimmy Nathaniel Sandoval, Santos Portillo, Henry Giovanni, Alex Car-Carmo, Christian Araya, Lemos Claro Delis, Rigoberto Duran Cruz, Christian Hernandez Mej'a, Angel Ruiz, Lucson Appolon, Mandiaye Mamadou Moustapha Sene, Thomas Olu, Ronbing Zhang, Garesh Madevapali, Kuac Kon, Kuowame Kouassi, Boupone Chanthachaem, Festus Musa, Fazili Chancelier, Charles Momodou Thomas, Rony Clavel, Elia Funes Rivera, Amilcar Alvarado Mendoza, Raphael Coello, Julio Enrique Ortiz Rivera, Marcos Martinez Escalon, Juan Jose Paredes Alfaro, Hernando Reyes Serrano Molina, Ever Josue Claros Vasquez, Miguel Angel Carranza, Ford Martinez Palma, Ronald Gonzalez, and Henry Savala.

[2] Susana and the other individual Plaintiffs "digitally signed" the complaint by typing their names in the signature block. (*See id.* at 10-11.)

lists the following parties as Defendants: "ICE/United States ex rel."; CDF Superintendent Perry; CDF Law Librarian Mrs. Beazley; Guidotti (DO); P. Ramirez (DO); Michael Coles (DO); and Derrick Anderson. (*Id.* at 2-3.) The complaint lists the CDF's address in Bowling Green, Virginia, for all defendants.

The following allegations are taken from the complaint. The individually named Plaintiffs "are refugee[s] from all over the world" who "either were or are[] detained at the Caroline Detention Facility[] in the custody of ICE." (*Id.* at 4.) On or about October 5, 2021, Plaintiffs[3] filed a grievance with the Office of the Inspector General, which led to "a class action entitled Agedah v. ICE, No. 2:21-CV-07975."[4] (*Id.* at 4.) The complaint alleges that Defendants Guidotti, Ramirez, Coles, Anderson, White, Perry, Medes, and Thomas – all officials at CDF – obstructed Plaintiffs' ability to use CDF's law library, to notarize and send legal mail, and to contact the media, all in retaliation for Plaintiffs' having filed grievances and legal actions against ICE and CDF, and because of Plaintiffs' race. (*Id.* at 4-5.)

The complaint seeks declaratory relief; "[a] preliminary and permanent injunction ordering defendant U.S. ex rel. to comply with the court's Fraihat v. ICE Court order,"[5] as well as their obligations under the Constitution, laws, and treaties of the United States; and compensatory and punitive damages. (*Id.* at 5.)

---

[3] The complaint refers to "Plaintiffs" throughout, although it is unclear which of the 54 Plaintiffs described in the complaint it refers to.

[4] The complaint does not identify where the action was filed, but a search of the Public Access to Court Electronic Records (PACER) system shows that the action was filed in the United States District Court for the Central District of California, Los Angeles Division. That action includes many of the same Plaintiffs that brought this action and many of their submissions are substantively similar to their filings in this action.

[5] This may be a reference to *Fraihat v. U.S. Immigration and Customs Enforcement*, No. 5:19-CV-1546 (C.D. Cal. Oct. 6, 2021).

In addition to the complaint, Plaintiffs also filed: (1) an "Emergency Writ of Prohibition" in which they seek an order prohibiting Defendants "from any further refusals to email, notarize or print plaintiffs' civil rights petitions (both individually and as a body corporate) while these serious [CAT] & Torture Victim Protection Act claims are being adjudicated by the Courts" (ECF 3); (2) an unsigned "summons" (ECF 8); (3) an application to proceed *in forma pauperis*, which appears to be submitted on behalf of all Plaintiffs (ECF 1); (4) a "motion to join indispensable high parties to plaintiffs' action" which seeks to join the following as parties: the Dominican Republic, El Salvador, the Gambia, Ghana, Guatemala, Guyana, Haiti, Hong Kong, India, Ivory Coast, Jamaica, Liberia, Kenya, Mexico, Russia, Sierra Leon, Senegal, Serbia, South Africa, North and South Sudan, and Venezuela (ECF 6); (5) a "motion for requesting for the appointment of counsel to institute action for incompetent plaintiffs" (ECF 7); (6) a "motion for sub-class certification" (ECF 4); and (7) a motion to amend or correct the complaint (ECF 5).

## DISCUSSION

The complaint asserts claims under the he Alien Tort Act, also known as the Alien Tort Claims Act, 28 U.S.C. § 1350. The Court also construes Plaintiffs' allegations that Defendants violated their constitutional rights as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). The general venue provision applies to claims brought under both *Bivens* and the Alien Tort Act.

Under the general venue provision, a civil action may be brought in:

4

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(1), (2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[6]

The complaint was filed regarding events that occurred in the CDF, which is located in Bowling Green, Caroline County, Virginia. The complaint states that Plaintiff Susana is detained in the CDF and that all individual Plaintiffs either are or were detained in the CDF. The Court has learned from the Department of Justice's EOIR hotline that Susana has pending immigration proceedings in Caroline County, Virginia. Because the complaint does not suggest that a substantial part of the events or omissions underlying Plaintiffs' claims arose in this District, venue does not appear to be proper in this District under section 1391(b)(2).

Venue also does not appear to be proper under section 1391(b)(1). Plaintiff lists addresses for all Defendants in Bowling Green, Virginia. Even though ICE and the United States can be considered to reside in this district, venue is nonetheless improper under section 1391(b)(1) because Plaintiffs do not allege that all Defendants reside in the State of New York.

---

[6] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

5

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in the CDF, which is located in Bowling Green, Caroline County, Virginia. Plaintiff Susana is detained in the CDF, and all other individual Plaintiffs either are or were detained in the CDF. Moreover, the complaint provides Bowling Green, Virginia addresses for all Defendants. Caroline County falls within the Eastern District of Virginia. *See* 28 U.S.C. § 127(a). Venue is therefore proper in the Eastern District of Virginia. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia. The Court waives the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee courts. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. The Clerk of Court is directed to terminate all pending motions. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is further directed to mail a copy of this order to Plaintiff Jose Susana at his address of record and note service on the docket.

SO ORDERED.

Dated:   November 9, 2021
           New York, New York

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge